**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEDRO LUIS MADRIGAL, CDCR #F43066, Plaintiff, vs. M. KIBBEE, et al., Defendants. | Case No.: 3:26-cv-04760-CAB-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, [Doc. No. 2]; and**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b), [Doc. No. 1].** |

Plaintiff Pedro Luis Madrigal, proceeding *pro se* and incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 1 ("Complaint").] Plaintiff also filed a motion to proceed in forma pauperis ("IFP"). [Doc. Nos. 2–3.] For the reasons discussed, the Court **GRANTS** Plaintiff's motion to proceed IFP and **DISMISSES** the Complaint without prejudice.

///

## I. MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).[1] *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) (Where an "IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

While "the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' . . . [t]he PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "shall assess and when funds exist, collect, . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's IFP motion complies with both 28 U.S.C. § 1915(a)(1) and (2). The motion is accompanied by a copy of his Inmate Trust Account Statement Report and a Prison Certificate authorized by a RJD accounting officer. [Doc. Nos. 3–4.] According to these documents, when Plaintiff filed his motion, he had an available balance of $76.24, average monthly deposits of $137.40, and an average monthly account balance (for the preceding six months) of $197.05. [Doc. No. 3 at 4.]

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, [Doc. No. 2], and assesses an initial partial filing fee of $39.41 pursuant to 28 U.S.C. § 1915(b)(1). This initial fee will be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The California Department of Corrections and Rehabilitation ("CDCR") must thereafter collect the full balance of the $350 total fee owed and forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Such screening

requires the court to "dismiss the complaint, or any portion of" it if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)); *see also Hebrard v. Nofziger*, 90 F.4th 1000, 1006–07 (9th Cir. 2024) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2))).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (Section 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Federal Rule of Civil Procedure 8 describes "what information a plaintiff must provide about the merits of his claim at the outset of litigation." *Berk v. Choy*, 607 U.S. 187, 195 (2026). Thus, Rules 8 and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "*Iqbal* requires attention to the pleading of both facts and law." *Gibson v. City of Portland*, 165 F.4th 1265, 1287 (9th Cir. 2026). While detailed factual allegations are not needed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B. Plaintiff's Allegations**

Plaintiff claims Defendants Kibbee and Moeckly (together, "Defendants"), both CDCR "reviewing authorities," violated his right of access to the courts when they either

reviewed, processed, or denied his CDCR 602 inmate grievances challenging the CDCR's failure to timely refer his case for re-sentencing consideration under SB 483.[2] [Complaint at 3–4.] Plaintiff attaches a CDCR grievance decision to his Complaint, in which CDCR "reviewing authority" Defendant M. Kibbee acknowledged, on December 23, 2025, that even though Plaintiff was eligible to have his name submitted for SB 483 consideration, CDCR staff had not submitted it "to the court as required." [*Id.* at 10.] Kibbee stated that CDCR staff would "refer [Plaintiff] to the appropriate sentencing court within 30 calendar days" of the December 2025 decision. [*Id.*]

Plaintiff appealed the December 2025 grievance decision, alleging "the remedy provided is inadequate to address . . . the unlawful over detention of [his] person for approximately two years," while Plaintiff awaited the referral. [*Id.* at 4.] CDCR reviewing authority Defendant Moeckly denied his appeal, informing Plaintiff that although he had "two . . . section 667.5(b) enhancements, . . . both are stayed." [*Id.* at 13.] Moeckly further

---

[2] Plaintiff is serving a sentence of 95 years to life following conviction at trial in the Los Angeles County Superior Court for charges arising from his commission of armed carjacking and attempted murder. *See People v. Madrigal*, No. B221339, 2011 WL 1568015, at *1 (Cal. Ct. App. Apr. 27, 2011). The sentence includes two one-year sentence enhancements, [*see* Doc No. 1 at 4, 13], which, prior to January 1, 2020, were required under California Penal Code § 667.5(b) "for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." *People v. Burgess*, 86 Cal. App. 5th 375, 379–80 (Cal. Ct. App. 2022) (citing former Cal. Penal Code § 667.5(b)). Effective January 1, 2020, the statute was amended by Senate Bill 136 to provide that prior prison term enhancements were available only for prior terms for sexually violent offenses, and "[e]nhancements based on prior prison terms served for other offenses became legally invalid." *Id.* (citations omitted). California Senate Bill 483 (effective January 2022) sought to make the changes implemented by Senate Bill 136 retroactive. *Id.* It added former California Penal Code § 1171.1, now § 1172.75, to the Penal Code. *Id.* (citation omitted). The statute established a mechanism to provide affected defendants a remedy for those legally invalid enhancements: under § 1172.75, the CDCR Secretary and the correctional administrator of each county were directed to "identify those persons in their custody currently serving a term for a judgment that includes an [invalidated] enhancement . . . and . . . provide the name of each person" along with their date of birth and case information "to the sentencing court that imposed the enhancement." Cal. Pen. Code § 1172.75(b). The statute gave the CDCR two separate deadlines for their resentencing referrals. They had through "March 1, 2022, for individuals who [had] served their base term and any other enhancements and [were] currently serving a sentence based on the [affected] enhancement." *Id.* § 1172.75(b)(1). For everyone else, the deadline was July 1, 2022. *Id.* § 1172.75(b)(2).

informed Plaintiff that his name "was submitted to the Los Angeles [County] sentencing court . . . in January 2026." [*Id.*] And Moeckly concluded by stating that, because "the discretion for resentencing lies solely with the sentencing court," Plaintiff's grievance appeal "claim [was] denied." [*Id.*] Plaintiff alleges that reviewing authorities Kibbee and Moeckly denied him his constitutional right of "access to courts." [*Id.* at 3.]

Plaintiff seeks compensatory damages as "determined by [a] jury" and $150,000 in punitive damages. [*Id.* at 8.] Plaintiff does not indicate whether or not his sentence of 95 years to life has been modified following the CDCR's referral of his case to the Superior Court.

**C. Discussion**

Plaintiff has failed to state a claim against either Defendant, both of whom processed his grievances. To begin, he cannot raise such a claim against the mere adjudicators of his CDCR grievances for two related reasons. First, there is no independent constitutional right to an inmate administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners "lack a separate constitutional entitlement to a specific prison grievance procedure." (citation omitted)). Thus, with respect to the allegations against the Defendants based on their role in the processing of Plaintiff's grievance, the Complaint fails to state a claim because there is no constitutional requirement regarding how a grievance system is operated. *Id.* Second, a person only deprives another "of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978). Under SB 483, only the CDCR Secretary and correctional administrators of prisoners' applicable counties were directed to identify and refer qualifying prisoners to their respective sentencing courts. *See* Cal. Pen. Code § 1172.75(b). Plaintiff does not allege that either of the inmate appeals officials he seeks to sue were in any way responsible for either identifying or referring him for resentencing consideration under SB 483. Therefore, he fails to state any individualized

claim for relief against Defendant Kibbee or Moeckly pursuant to § 1983.

Even if Plaintiff could hold Kibbee or Moeckly liable based solely on their review of his CDCR 602 inmate grievance, he fails to allege facts sufficient to show either of them violated his constitutional right of access to the courts. The right of state prisoners' access to the courts guarantees the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts," *Lewis v. Casey,* 518 U.S. 343, 356 (1996), and it is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions, *see id.* at 354–55. The threshold requirement for any claim based on the denial of access to the courts is the allegation of an "actual injury." *Id.* at 348. An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.*; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (Examples of actual injury include the "inability to file a complaint or defend against a charge."); *Christopher v. Harbury,* 536 U.S. 403, 415–16 (2002) (To demonstrate actual injury for the purposes of an access to courts claim, "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant" and must be "described well enough to apply the 'nonfrivolous' test and show that the 'arguable' nature of the underlying claim is more than hope.").

Here, Plaintiff's access to courts claim fails for multiple reasons. First, he does not allege either Kibbee or Moeckly interfered with his ability to file a non-frivolous direct appeal, habeas petition, or civil rights action. *See Christopher,* 536 U.S. at 415–16. Rather, he alleges they merely processed his inmate grievance challenging the CDCR's failure to timely refer him for re-sentencing under SB 483. Second, Plaintiff does not plausibly allege any actual injury. In fact, Plaintiff's exhibits reveal that his case *was* referred for resentencing in January 2026. [Complaint at 13.] Plaintiff does not allege he was unable to file or defend any action in the Los Angeles Superior Court. Nor does he allege that he lost any remedy that would have otherwise been available had the referral been made earlier. Therefore, he fails to state a plausible access to courts claim.

Finally, while Plaintiff labeled his cause of action one involving the denial of his right of "access to courts," a liberal construction of his claims could in the alternative arise under the Due Process Clause of the Fourteenth Amendment—insofar as he claims a failure to timely refer him for resentencing was the result of state procedural error. But even so liberally construed, Plaintiff's claim fails. In *Heck v. Humphrey*, "the Supreme Court held that to recover damages pursuant to § 1983 for an unconstitutional conviction or sentence, the plaintiff 'must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Galanti v. Nevada Dep't of Corr.*, 65 F.4th 1152, 1155 (9th Cir. 2023) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). If a § 1983 "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," and that conviction or sentence has not been invalidated, the claim is not cognizable under § 1983. *Heck*, 512 U.S. at 487.

Here, Plaintiff alleges that the CDCR's delayed SB 483 referral to the Los Angeles Superior Court caused him to be "unlawfully deprived of [his] liberty and remain[] incarcerated for two additional years on sentencing enhancements . . . that the law required . . . be . . . potentially stricken." [Doc. No. 3 at 3.] Plaintiff, though, has not alleged any facts setting forth a claim that his conviction or sentence has actually been invalidated on appeal, by habeas petition, or through some similar proceeding. *See Heck*, 512 U.S. at 483–84. Plaintiff's claim, therefore, is not cognizable until he demonstrates that the sentence or conviction has been invalidated. *See id*.

Thus, as pleaded, Plaintiff's allegations against Defendants fail to state a claim of access to courts or due process violation. Therefore, even when construing Plaintiff's Complaint liberally, as it must, the Court must **DISMISS** it *sua sponte* under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failing to state a claim upon which relief can be granted.

///

**D. Leave to Amend**

Out of an abundance of caution, the Court will give Plaintiff the opportunity to fix his pleading deficiencies, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

**III. CONCLUSION**

Thus, for the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2].

2. **DIRECTS** the Secretary of the CDCR, or the Secretary's designee, to collect the initial partial filing fee of $39.41 and thereafter forward monthly payments from Plaintiff's account to the Clerk of the Court as required by 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** the Complaint in its entirety for failing to state a claim against Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

5. **GRANTS** Plaintiff **sixty (60)** days' leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be clearly titled as his First Amended Complaint, contain Civil Case No. 26-cv-04760-CAB-JLB in its caption, and be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend may be "waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final order dismissing this action based both on the failure to state a claim upon which relief can

be granted and the failure to prosecute in compliance with a court order. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may . . . dismiss[] . . . the entire action.").

**IT IS SO ORDERED**.

Dated: October 30, 2026

Hon. Cathy Ann Bencivengo
United States District Judge